Jones, J.
(dissenting). After having sustained the objection of appellant’s counsel when the prosecutor sought to introduce such testimony, the trial court himself later elicited from Patrolman Ponall, and received in evidence, testimony that the victim, had made an out-of-court verification to him that the change purse found sticking out of defendant’s pocket was hers. I cannot agree that the admission of this concededly hearsay testimony was harmless error, i.e., that there was no significant probability that the trial court would have made a different finding had it not been for the erroneous admission of this testimony (People v Crimmins, 36 NY2d 230, 242). The trial court in his brief oral decision expressly referred to appellant’s possession of the victim’s change purse in his summary of the evidence on which he based his conclusion that appellant had committed acts which, if done by a person 16 years or older, would have constituted the crime of robbery in the second degree. The circumstance, relied on by the majority, that there was other evidence sufficient to support a finding of guilt, had the trial court chosen to ignore the hearsay testimony, does not satisfy the harmless error standard. I would therefore reverse the order of the Appellate Division, vacate the adjudication of juvenile delinquency and remit the case for a new hearing.
Judges Jasen, Gabeielli, Wachtler and Fuchsberg concur; Judge Jones dissents and votes to reverse in an opinion in which Chief Judge Cooke and Judge Meyer concur.
*1029 Order affirmed, without costs, in a memorandum.